1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESE HAWK BLUNDELL SR., | Case No. 1:22-cv-01590-EPG-HC |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, AND DIRECTING CLERK OF COURT TO CLOSE CASE |
| v. | |
| FCI MENDOTA WARDEN, | |
| Respondent. | (ECF No. 14) |

Petitioner Jese Hawk Blundell Sr. is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 6, 7, 9, 10.) For the reasons stated herein, the Court grants Respondent's motion to dismiss and dismisses the petition as moot.

## I.

## BACKGROUND

In the petition, Petitioner challenges the Federal Bureau of Prisons' ("BOP") policy of preventing inmates from earning First Step Act ("FSA") time credits ("FTCs") and/or applying FTCs within eighteen months of release. (ECF No. 1 at 6.)[1] Petitioner requests that the Court order the BOP to calculate all of Petitioner's FTCs and apply said FTCs immediately. (ECF No.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1 at 7.) Respondent has filed a motion to dismiss, arguing that this Court "should dismiss the petition for lack of Article III standing and ripeness, and statutorily for lack of jurisdiction under § 2241." (ECF No. 14 at 1.) To date, Petitioner has not filed an opposition or statement of non-opposition, and the time for doing so has passed.

## II.

## DISCUSSION

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). "When subsequent events resolve the dispute, such that no live issues remain or the parties lack a legally cognizable interest in the outcome, a case becomes moot." Cuviello v. City of Vallejo, 944 F.3d 816, 824 (9th Cir. 2019) (citation omitted). "A case that becomes moot at any point during the proceedings is 'no longer a 'Case' or 'Controversy' for purposes of Article III,' and is outside the jurisdiction of the federal courts." United States v. Sanchez-Gomez, 138 S. Ct. 1532, 1537 (2018) (citation omitted).

In the motion to dismiss, Respondent argues that the petition lacks case and controversy because "BOP has updated its policy so that it is now automated to award FTCs through an inmate's earning status (i.e., including the 18-months prior to sentence incarceration term completion)." (ECF No. 14 at 1; accord Liwag Decl. ¶ 15, ECF No. 14-1 at 23 ("BOP, however, is not disallowing inmates within 18 months of release to earn time credits.").) Given that the policy challenged in the petition is no longer in place, the Court finds that the petition is moot and dismissal is warranted on this ground.[2]

---

[2] As the Court finds that the petition should be dismissed as moot, the Court will not address Respondent's other grounds for dismissal set forth in the motion to dismiss. Further, Petitioner has not opposed the motion to dismiss and does not argue that any exception to the mootness doctrine is applicable.

## III.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 14) is GRANTED;

2. The petition for writ of habeas corpus (ECF No. 1) is DISMISSED as MOOT; and

3. The Clerk of Court is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:   **June 16, 2023**            /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE